

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Carlos Ashley
District Attorney
Llano, Texas

Dear Sir:

Opinion Number 0-3133
Re: May the proceeds of the
sale of bonds voted December
22, 1938, be used for the
purpose of constructing
roads in Llano County?

We acknowledge receipt of your opinion request of February 5, 1941, wherein you ask the following question:

"May the proceeds of the sale of bonds voted December 22, 1938, be used for the purpose of constructing roads in Llano County?"

We have carefully examined your opinion and the orders of the Commissioners' Court submitted with your opinion request. We regret that we are unable to agree with the conclusion arrived at in your opinion.

We note that the Commissioners' Court passed an order on November 19, 1938, calling an election to be held on the 22nd day of December, 1938, at which the following proposition was submitted to the voters of Llano County:

"SHALL the Commissioners' Court of Llano County, Texas, be authorized to issue bonds of said county, to the amount of $75,000 bearing interest not to exceed 3% per annum, maturing in serial installments to be designated by said court, the last installment to mature not later than twenty years after date of said bonds, for the purpose of construction, maintenance and operation of macedamized,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

graveled or paved roads and turnpikes, or in aid
thereof, within said county, and specifically for
the purpose of acquiring right of way incident to
the construction of the following highways:

"(a) Brady to Llano to Round Mountain Highway,
in Llano County;

"(b) Highway No. 29, through Llano County, and to
levy an ad valorem tax on all taxable property with-
in said county sufficient to pay the interest on said
bonds and the principal thereof at maturity; said
bonds to be issued in the manner provided by the laws
of the State of Texas, and as authorized by Section
52 of Article 3 of the Constitution of the State."

We find that prior to the election the Commissioners'
Court passed another order on December 12, 1938, providing,
in part, as follows:

" * * * Now, Therefore, be it resolved by the
Commissioners' Court of Llano County, Texas, and
it is hereby adopted as the policy and pledge of
this Court to use the proceeds of the above men-
tioned bond issue exclusively for the following
purposes, to-wit:

"(a) The acquisition of right-of-way substan-
tially along the route surveyed by B. T. Lampkin
and approved by the State Highway Department.

"(b) The acquisition of right-of-way incident
to the straightening out and widening of Highway
No. 29 from Llano to the Mason County line, south
of Llano River.

"(c) The acquisition of right-of-way from Llano
to Buchanan Dam.

"(d) The acquisition of right-of-way from Llano in the direction of Round Mountain incident to the completion of the Brady-Llano-Austin proposed highway.

"Adopted in open Court on this the 12th day of December, 1938." (Underscoring ours)

Where the order of the Commissioners' Court for an election upon a bond issue specifies the particular purpose to which the proceeds shall be applied, the order is, in effect, a contract with the voters; and the funds may not be applied to another and different purpose, even though the order was made subsequent to, and not published as a part of, the election notice. Black v. Strength, 246 S. W. 79; Aransas County v. Coleman-Fulton Pasture Co., 191 S. W. 556; Fletcher v. Ely, 53 S. W. (2d) 817.

Therefore, it is our opinion that the Commissioners' Court, by their order of December 12, 1938, pledged the bond proceeds for the acquisition of rights-of-way for roads specifically named in said order, and we believe that when this issue of bonds was approved by the voters the proceeds were "earmarked" with the character of a trust fund which could not be diverted to another purpose or project, but must be used for the acquisition of rights-of-way set out in said order. Fletcher v. Ely, supra.

Therefore, the proceeds from the sale of the bonds voted December 22, 1938, cannot be used legally for the purpose of constructing roads in Llano County.

APPROVEDFEB 18, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

OOB-s

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Claud O. Boothman*

Claud O. Boothman
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN